# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Jordon Akeem McDaniel, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:15-234-RMG |
| United States of America, | ) |
| Respondent. | ) **ORDER** |

Petitioner filed a petition for habeas relief under 28 U.S.C. § 2255 on November 5, 2021. (Dkt. No. 137). This matter comes before the Court on the Respondent's motion to dismiss the petition for habeas relief. (Dkt. No. 149). Respondent asserts that the petition is untimely and is otherwise without legal merit. Petitioner has filed a response in opposition to the motion to dismiss. (Dkt. No. 152). For reasons set forth below, the Court grants Respondent's motion to dismiss.

**Factual Background**

Petitioner pled guilty on November 3, 2015 to Robbery Affecting Interstate Commerce and Possession and Brandishing of a Firearm in Furtherance of a Crime of Violence and was sentenced on June 6, 2017 to 288 months of incarceration, consisting of 204 months on the robbery count and 84 months consecutive on the brandishing firearm count. (Dkt. No. 103). Petitioner filed an appeal with the United States Court of Appeals for the Fourth Circuit, which affirmed Petitioner's conviction and sentence on February 7, 2020. *United States v. McDaniel*, 800 Fed. Appx. 184 (4th Cir. 2020). The Fourth Circuit entered its mandate on March 2, 2020. Petitioner did not thereafter

1

seek certiorari with the United States Supreme Court. Petitioner's one year statute of limitations period under §2255 commenced 90 days after the entry of the mandate, on June 1, 2020. *See United States v. Sosa*, 364 F. 3d 507, 509 (4th Cir. 2004); §2255(f)(1). Thus, Petitioner's §2255 statute of limitations was due to expire on June 1, 2021.

Petitioner filed a motion for compassionate relief with this Court on December 8, 2020, detailing his argument in a seven-page handwritten document with legal citations. (Dkt. No. 122). Petitioner filed a motion for a 60-day extension of the time to file a § 2255 petition on January 19, 2021 and a motion for an extension of time to reply to the Government's opposition to his motion for compassionate release on January 21, 2021. (Dkt. Nos. 130, 131). The Court granted the motion for an extension of time to file the reply to the motion for compassionate release but never ruled on the motion for an extension of time to file the § 2255 petition. (Dkt. No. 132).[1] Petitioner filed a second motion for an extension of time to file his § 2255 petition on October 28, 2021, but filed his § 2255 petition on November 5, 2021, before the Court had the opportunity to rule on the motion. Respondent thereafter moved to dismiss the § 2255 petition, arguing *inter alia*, that the petition was untimely filed.

---

[1] The Court's failure to rule on the motion for an extension of time to file a § 2255 petition was an oversight, apparently the result of two nearly simultaneously filed post-conviction motions. Had the Court ruled on the motion for an extension of time to file a § 2255 petition, it would have been denied because the Court has no authority to rule on a request for an extension until the § 2255 motion is filed. *United States v. Harris*, 304 Fed. Appx. 223 (4th Cir. 2008). However, since there was no ruling on the January 19, 2021 motion for an extension of time to file the § 2255 petition, the Court, out of an abundance of fairness to Petitioner, will treat the motion as granted. This would extend the time to file the § 2255 petition until August 2, 2021.

**Discussion**

A.   <u>Timeliness of Petitioner's Filing</u>:

A § 2255 petition must be filed within one year of the date on which the judgment of conviction becomes final. § 2255(f)(1). A federal court may toll this one-year deadline in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party" seeking § 2255 relief. *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). Equitable tolling is permitted where a petitioner demonstrates (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Defendant attributes his delay in filing to the COVID-19 pandemic, asserting that lockdowns and modified operations prevented timely completion of his petition. (Dkt. Nos. 130 at 2; 136 at 2). Even if the Court treated the first request for a 60-day extension as granted, Petitioner's deadline for filing would have expired in early August 2021, months before the actual filing of the § 2255 petition on November 5, 2021. Petitioner offers no details to demonstrate that he was diligently pursuing his § 2255 rights in the over 17 months after his conviction became final and fails to explain how he could file a detailed compassionate release motion in December 2020, in the midst of the pandemic, but not timely submit his § 2255 petition. The Court finds that Petitioner has not carried his burden of establishing a basis for tolling the one-year statute of limitations period under § 2255. *See United States v. Aigbekaen*, No. JKB-15-0462, 2021 WL 1816967 (D. Md. May 6, 2021); *Harris v. United States*, No. 3:20-cv-442-FDW, 2021 WL 2038376 (W.D.N.C. May 21, 2021). The Court finds Petitioner's filing of his § 2255 petition was untimely and thus barred by the statute of limitations.

B.     <u>Even if the filing had been timely, the petition for § 2255 relief is without merit</u>:

Petitioner asserted four claims for relief in his § 2255 petition. None have any merit. Claims One and Two argue that Petitioner's trial counsel was ineffective for failing to seek a competency evaluation because of Petitioner's past mental health history. (Dkt. Nos. 137-1 at 5-9; 152 at 5-9). To establish ineffective assistance of counsel, a petitioner must show that counsel's efforts were objectively unreasonable as measured by prevailing professional norms and counsel's efforts were prejudicial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Prejudice can be demonstrated where there exists a reasonable probability that but for counsel's deficient performance the proceeding would have had a different result. *Id*. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.*

The Court inquired into competency prior to accepting Petitioner's guilty plea and observed Petitioner in multiple court proceedings where he spoke in open court. At Petitioner's guilty plea on November 3, 2015, Petitioner informed the Court he had received mental health treatment when "I was younger, it was like elementary/middle school." (Dkt. No. 115 at 9). Petitioner assured the Court that this past history was not affecting his understanding of court proceedings and defense counsel stated he had no doubt Petitioner was competent to plead. (*Id*. at 10). The Court made a finding that Petitioner was competent to plead prior to accepting his guilty plea. (*Id.*). At sentencing, Petitioner spoke clearly and coherently, apologizing to his victims for his conduct and expressing a desire to do better in the future. (Dkt. No. 116 at 20-21). Following Petitioner's statement at sentencing, the Court stated "hearing you talk, Mr. McDaniel, you've got plenty of intelligence. You are an attractive young man. We've got to get you on the right path." (*Id*. at 23).

In the presentence report, the probation officer noted Petitioner's childhood diagnosis of ADHD and treatment with Concerta and Adderall. The probation officer observed that during Petitioner's presentence interview, he "spoke clearly and provided a detailed personal history. He therefore appears to operate within the normal range of intelligence." (Dkt. No. 101 at 11).

The record fails to establish any basis for a competency evaluation, and there is no evidence to support the claim that trial counsel's performance on this or any other issue was objectively unreasonable. Further, Petitioner has failed to show that there existed a reasonable probability of a different outcome due to counsel's allegedly deficient performance. Claims One and Two are without merit.

Petitioner contends in Claim Three of his § 2255 petition that his indictment was defective because it alleged he was racketeering, which a defendant cannot do by himself. (Dkt. No. 137 at 6-7). Petitioner was indicted for Robbery Affecting Interstate Commerce, 18 U.S.C. § 1951(a). (Dkt. No. 1). Racketeering is prosecuted under a different statute, 18 U.S.C. § 1961. Claim 3 is without merit.

Petitioner argues in Claim Four that Hobbs Act Robbery is not a crime of violence. This issue was raised by Petitioner on direct appeal. The Fourth Circuit ruled that Hobbs Act Robbery is a crime of violence. *United States v. McDaniel*, 800 Fed. Appx. at 186. This is the law of the case. Claim Four is without merit.

## Certificate of Appealability

28 U.S.C. § 2253 provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find debatable the Court's findings that the petition was untimely and without any legal merit. Therefore, a certificate of appealability is denied.

## Conclusion

Based on the foregoing, Respondent's motion to dismiss (Dkt. No. 149) is **GRANTED**. Petitioner's petition for relief under § 2255 (Dkt. No. 137) is **DISMISSED WITH PREJUDICE**. A certificate of appealability is denied.

**AND IT IS SO ORDERED.**

    s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

April 4, 2022
Charleston, South Carolina