IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:15-234-RMG |
| | ) | |
| Jordan Akeeem McDaniel, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's motion for a sentence reduction pursuant to United States Sentencing Guideline § 4A1.1(e), effective November 1, 2023, which provides that any defendant with 7 or more criminal history points who commits the instant offense while under another criminal justice sentence has his criminal history increased by one point, rather than the previous sentencing guideline which added two points. (Dkt. No. 162). Defendant pled guilty on October 3, 2015 to Robbery Affecting Interstate Commerce (Count One) and Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence (Count Two). In advance of the sentencing hearing, the Court gave notice to Defendant that it intended to consider an upward variance from the sentencing guideline based upon the findings in the Presentence Report and the recent disclosure that he had pled guilty in state court to voluntary manslaughter involving an incident which occurred shortly before the armed robbery that is the subject of the federal offense. (Dkt. No. 91).

Defendant was determined at his sentencing on June 6, 2017 to have a total offense level of 19 and a criminal history of VI, which resulted in a sentencing guideline of 63-78 months as to Count One and 84 months consecutive as to Count Two. After conducting an extensive sentencing

1

hearing, the Court upwardly varied Defendant's sentence under Count One to 204 months and imposed a consecutive sentence of 84 months on Count Two, resulting in a total sentence of 288 months concurrent with his pending state sentence. (Dkt. No. 103). The Court explained its reasoning for the upward variance at the sentencing hearing as follows:

1. Since Defendant's release from state prison in 2012 for an arson conviction, he had engaged in an escalating pattern of violence, leading to his state voluntary manslaughter conviction and this violent armed robbery. (Dkt. No. 112 at 21, 28).

2. The armed robbery involved "placement of a gun to the victim's back, approaching an elderly victim at night, dragging him back into his place of business, throwing him on the floor, [and] brandishing a weapon," which "showed a level of malice and viciousness that is not a typical robbery." (*Id*. at 27-28).

3. Defendant's criminal history reflected a level of dangerousness such that "earlier discharge [from prison] would pose a great danger to the public." (*Id*. at 28).

Defendant appealed his sentence to the Fourth Circuit, arguing the Court's sentence was unreasonable. The Fourth Circuit affirmed Defendant's sentence, noting that the "district court provided an adequately detailed and individualized explanation for the chosen sentence it imposed." *United States v. McDaniel*, 800 Fed. Appx. 184, 187 (4th Cir. 2020).

Defendant has moved for a sentence reduction pursuant to Amendment 821. The United States Probation Office has prepared a Sentencing Reduction Report (Dkt. No. 161), which finds that Defendant's sentencing guidelines have been reduced as a result of the recent change to

§ 4A1.1(e), which has the effect of reducing Defendant's criminal history from a category VI to a category V because his criminal history points were reduced from 13 to 12.[1] The change in criminal history reduced Defendant's guidelines from 63-78 months to 57-71 months under Count One.

Whenever the Sentencing Commission issues an amendment to the Sentencing Guidelines that lowers the applicable guideline range and makes the amendment retroactive, the sentencing court "may reduce the term of imprisonment, after considering the factors under section 3553(a) . . . ." 18 U.S.C. § 3582(c)(2). In compliance with § 3582(c)(2), the Court has calculated the lower guideline and then considered the relevant § 3553(a) factors. Based upon a careful review of the entire record in this matter, including the recently filed sentencing memorandum of Defendant and attachment (Dkt. No. 162), the Court continues to find that the proper sentence in this instant case under Count One is 204 months. Defendant's consecutive sentence of 84 months under Count Two is not affected by Amendment 821.

In reaching this conclusion, the Court has specifically considered the following:

1. <u>The nature and circumstances of the offense</u>: Defendant's armed robbery included robbing an elderly victim, placing a firearm to the victim's back, dragging the victim and throwing him on the floor, and brandishing a firearm. As the Court noted at sentencing, this "showed a level of malice and viciousness that is not a typical robbery." (Dkt. No. 112 at 28).

2. <u>History and characteristics of the defendant</u>: Defendant's prior convictions included unlawful possession of a weapon, resisting arrest/assault of officer serving process, arson,

---

[1] A defendant with 10-12 criminal history points has a criminal history of V. A defendant with 13 criminal history points has a criminal history of VI.

and voluntary manslaughter. (Dkt. No. 101 at 5-7). Since Defendant's release from state prison in 2012, he demonstrated an escalating pattern of violence.

3. <u>Seriousness of offense</u>: The circumstances of the instant offense plainly demonstrate a serious criminal offense.

4. <u>Promote respect for the law</u>: A significant offense is necessary under these circumstances.

5. <u>To afford an adequate deterrence to criminal conduct and to protect the public from further crimes of this defendant</u>: A lengthy prison sentence is critical to protecting the public from further crimes of the Defendant and deters Defendant while incarcerated from further criminal acts against the public.

The Court, after fully considering the revised Sentencing Guidelines, the full record in this matter, and the § 3553(a) factors, hereby imposes a sentence of 204 months as to Count One and 84 months consecutive as to Count Two, for a total of 288 months, all to run concurrent with Defendant's current state sentence. All other conditions of Defendant's sentence contained in the Judgment of June 6, 2017 (Dkt. No. 103) shall remain the same.

**AND IT IS SO ORDERED**.

  s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

July 23, 2024  
Charleston, South Carolina